the plaintiffs and Longman & Co. The circular letter, containing the offer to furnish goods, is signed by them; and the answer of the plaintiffs, agreeing to import, is addressed, together with their orders, to them. The defendant is applied to by the plaintiffs, merely to forward their letter, which he promised to do, and which promise he performed.

The goods were not sent to the plaintiffs by Longman & Co., as they had a right to expect, but were consigned to the defendant. It is to be presumed, that the defendant acted under the direction of his principals; but if they or he acted wrong, in refusing to deliver up the goods, except upon a condition not warranted by the contract, they only can be made responsible in this form of action, with whom the contract was made; this was Longman & Co., not the defendant. Your verdict, therefore, ought to be for defendant. Verdict for defendant.

BRADFORD (FORBUSH v.). See Case No. 4,930.

## Case No. 1,768.
### BRADFORD v. GEISS.
[4 Wash. C. C. 513.] [1]
Circuit Court, E. D. Pennsylvania. April Term, 1825.

PLEADING—ANSWER—SUFFICIENCY OF DENIAL.

It is good cause of exception to an answer, that to the denial that defendant has no knowledge of the facts charged, it is not added "that he had no information or belief" of them.

The plaintiff excepted to the answer, so far as it denied that the defendant had any knowledge of the facts alleged in the bill to which the answer applied, without adding that he had no information or belief of the facts.

THE COURT decided the exception to be well taken, and ordered the defendant to put in a better answer. 1 New. Ch. Pr. 179.

BRADFORD v. HUNT. See Case No. 1,217.

## Case No. 1,769.
### BRADFORD v. JENKS et al.
[2 McLean, 130.] [2]
Circuit Court, D. Illinois. June Term, 1840.

RECEIVERS — ACTIONS BY IN FEDERAL COURTS—FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—NEGOTIABLE INSTRUMENTS — ACTIONS ON—NOTE PAYABLE TO BEARER—WHO MAY SUE.

1. A receiver in the state of Michigan, appointed under the act which provides for the voluntary dissolution of bank corporations, &c., stands in the relation of the assignee of an insolvent debtor.

2. And if such receiver sue in the courts of the United States he must show that the court

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

could have taken jurisdiction, as between the defendants and the bank.

3. Though the note, on which the suit be brought, be payable to the bank or bearer, the receiver can not sue as the bearer of the note, as he does not hold it in that right. He does not own, except as trustee, the property in the note, and did not receive it in the ordinary course of business.

4. A note payable to a payee, named, or bearer, may be sued for, by any person who received it in the course of business, in his own name, in the courts of the United States, without noticing the payee named. The promise to pay, is as much to the bearer, as to the person named.

[Cited in Towne v. Smith, Case No. 14,115; Cooper v. Thompson, Id. 3,202; Halsey v. Township of New Providence, 3 Fed. 367.]

[See Bank of Kentucky v. Wister, 2 Pet. (27 U. S.) 319; Bonnafee v. Williams, 3 How. (44 U. S.) 574; White v. Vermont & M. R. Co., 21 How. (62 U. S.) 575; Halstead v. Lyon, Case No. 5,968; Sackett v. Davis, Id. 12,203.]

5. Quere.—Whether the assignee of an insolvent can sue, in his own name, in a foreign jurisdiction.

[See Holmes v. Sherwood, 16 Fed. 725; Chandler v. Siddle, Case No. 2,594; Brigham v. Luddington, Id. 1,874.]

[At law. Action by Vincent L. Bradford, receiver of the Berrien County Bank, against Levi Jenks and others on a promissory note. Plaintiff's demurrer to plea of defendant sustained.]

Mr. Goodrich, for plaintiff.
Mr. Arnold, for defendants.

OPINION OF THE COURT. The plaintiff, who is a citizen of Michigan, in his declaration, states that the defendants, on the 14th of February, 1838, at Niles, Berrien county, state of Michigan, gave their note, by which they promised to pay the President, Directors & Co. of the Berrien County Bank, or bearer, three thousand dollars, at their bank in Niles, Berrien county, Michigan; the two first as principals, and the others as securities, for value received, twelve months after date. And that afterwards, at Niles, aforesaid, to wit, 1st January, 1839, the said promissory note came into the hands and possession of the said plaintiff, for a good and valuable consideration, by him then and there paid, &c.

The defendants pleaded, that the note did not come into the hands of the plaintiff for any good or valuable consideration, by him then and there paid; nor did the said plaintiff become the lawful bearer and holder of said note, in manner and form, &c. And they say, after the said note became due, to wit, 1st March, 1839, to wit, at Berrien, in Michigan, such proceedings were had; that the said plaintiff became, and was appointed, the receiver of the Berrien County Bank, who was then and there appointed by law to take charge of the effects of said bank, and authorized to receive and collect the same; that the note was a part of the effects, and came to the plaintiff's hands as receiver, and not otherwise. And the defendants aver, that the stockholders of the bank are not all resi-